In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-11-00032-CR**
_____

**RAIMOND KEVON GIPSON A/K/A RAIMOND GIPSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 08-02932**

**OPINION**

A jury convicted Raimond Kevon Gipson a/k/a Raimond Gipson of assault on a family member. The trial court sentenced Gipson to ten years in prison, but suspended imposition of sentence and placed Gipson on community supervision for ten years. The State subsequently filed a motion to revoke Gipson's community supervision on three grounds, including an allegation that Gipson had failed to pay court-assessed fees. Gipson pleaded "true" to the alleged failure to pay, but pleaded "not true" to the State's other allegations. The trial court found that Gipson

1

violated his community supervision, revoked Gipson's community supervision, and sentenced Gipson to eight years in prison. We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

Gipson appealed the trial court's revocation of his community supervision. *Gipson v. State*, 347 S.W.3d 893 (Tex. App.—Beaumont 2011), *rev'd*, 383 S.W.3d 152 (Tex. Crim. App. 2012). On original submission, Gipson argued that the trial court abused its discretion and committed constitutional error by revoking his community supervision for failure to pay court-assessed fees. *Id*. at 894. We construed Gipson's argument as a sufficiency challenge and held as follows:

> Although a plea of true is generally sufficient to support a judgment revoking community supervision, when the sole basis for revocation is failure to pay court-ordered fines and fees, there must be evidence of willful refusal to pay or failure to make sufficient bona fide efforts to pay. As previously discussed, in the case at bar, no evidence was presented concerning whether Gipson willfully refused to pay or to make sufficient bona fide efforts to pay. Therefore, the trial court abused its discretion by revoking Gipson's community supervision based solely upon his plea of true to the allegation that he failed to pay court-assessed fees.

*Id*. at 896-97 (internal citations omitted). We did not address Gipson's argument that the trial court had committed constitutional error. *Id*. at 897 n.2.

The Court of Criminal Appeals reversed our decision, noting that Gipson had raised his inability-to-pay argument for the first time on appeal. *Gipson v. State*, 383 S.W.3d 152, 153 (Tex. Crim. App. 2012). The Court explained that an

2

appellate court cannot reverse a judgment of conviction without first addressing preservation issues. *Id*. at 159. Because we did not address error preservation on original submission, the Court of Criminal Appeals remanded the case for further proceedings. *Id*. On remand, we must first consider whether Gipson preserved his issues for appellate review. *See id*. at 156. If Gipson's issues are preserved, we will then address the merits of his complaints. *Id*. at 158-59.

Revocation Based on Fees and Fines

Sufficiency issues cannot be forfeited and need not be preserved for appeal. *See Mayer v. State,* 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); *see also Rankin v. State,* 46 S.W.3d 899, 901 (Tex. Crim. App. 2001); *see also Rusk v. State,* ___ S.W.3d ___, No. 06-12-00099-CR, 2013 Tex. App. LEXIS 1274, at \*16 (Tex. App.—Texarkana Feb. 12, 2013, no pet. h.) (not yet released for publication). A plea of "true" does not constitute an intentional relinquishment because admission to failure to pay as ordered is not an admission to willfully failing to pay. *Rusk,* 2013 Tex. App. LEXIS 1274, at \*\*19-20. Thus, Gipson may raise his sufficiency issues for the first time on appeal.

In issue one, Gipson challenges the revocation of his community supervision for failure to pay court-ordered fees and fines.[1] Condition 26 of the community supervision order required Gipson to pay a $500 fine, supervision fees, court costs, a PSI fee, a $50 Crime Stoppers fee, and $1,000 in attorney's fees. The allegation to which Gipson pleaded "true" stated that Gipson "has failed to pay court assessed fees as directed by the Court and as of November 29, 2010 was $1,589.00 in arrears, in violation of Condition (26) of Defendant's Community Supervision order." Gipson contends that the trial court abused its discretion by revoking his community supervision based solely on his plea of "true" to the failure to pay court-assessed fees, absent evidence that he was able to pay and did not do so.

Generally, a defendant cannot challenge a revocation finding to which he pleaded "true." *See Cole v. State,* 578 S.W.2d 127, 128 (Tex. Crim. App. 1979). When the State alleges only that the defendant violated the conditions of community supervision by failing to pay appointed attorney's fees, community supervision fees, or court costs, the State must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the trial court. Tex. Code Crim. Proc. Ann. art. 42.12, § 21(c) (West Supp. 2012). The

---

[1]*Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) is inapplicable to Gipson's first issue. *See Gipson v. State*, 383 S.W.3d 152, 157 (Tex. Crim. App. 2012).

statute expressly applies to attorney's fees, community supervision fees, and court costs. *See id.* PSI and Crime Stoppers fees are often assessed as court costs; thus, we conclude these costs may be included within the statute's purview. *See id.* art. 42.12, § 9; *see also* Tex. Code Crim. Proc. Ann. art. 37.073 (West Supp. 2012); Tex. Code Crim. Proc. Ann. art. 42.152 (West 2006).

Although, in general, article 42.12 applies to fees and costs, and not fines, section 11(b) lists the payment of fines along with fees and costs as permissible requirements of community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 11(b). It further requires the sentencing court to "… consider the ability of the defendant to make payments in ordering the defendant to make payments under this article." *Id.* While this statute applies directly to the sentencing of a defendant to community supervision, it gives some guidance to appellate courts. Also, prior to the enactment of the statute, the common law generally required the state to prove that a defendant had willfully failed to pay court-ordered fees, restitution, and other costs. *See Whitehead v. State,* 556 S.W.2d 802, 805 (Tex. Crim. App. 1977); *McKnight v. State,* 409 S.W.2d 858, 859-60 (Tex. Crim. App. 1966); *Taylor v. State,* 172 Tex. Crim. 45, 353 S.W.2d 422, 424 (1962) (op. on reh'g). These cases make clear that, at common law, the state had the burden of showing that a defendant had the ability to pay court-ordered costs and willfully failed to do so.

Although we can find no cases directly on point, it seems logical that the Court of Criminal Appeals, following its precedent that applies to fees, would treat the failure to pay a fine authorized by the Legislature, i.e. by the same way it has treated other fees that are authorized by the Legislature, requiring the state to show that a defendant was able to pay and acted intentionally in not doing so.

In this case, the record is devoid of evidence showing that Gipson's failure to pay attorney's fees, community supervision fees, or court costs, including PSI and Crime Stoppers fees, was willful. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 21(c). Nor does the record show that Gipson intentionally failed to pay his fine. We conclude that the trial court abused its discretion by revoking Gipson's community supervision for failure to pay court-assessed fines and fees. Assuming, without deciding, that a harm analysis is required, revocation of Gipson's community supervision affected Gipson's substantial rights by subjecting Gipson to a prison sentence rather than continued community supervision. *See* Tex. R. App. P. 44.2(b) (No constitutional errors that do not affect substantial rights must be disregarded.); *see also Rusk,* 2013 Tex. App. LEXIS 1274, at *21 n.15. For these reasons, we sustain Gipson's first issue.

In issue two, Gipson contends that the trial court committed constitutional error by revoking his community supervision based solely on his plea of "true" to the failure to pay court-assessed fees without first inquiring about the reasons for Gipson's failure to pay. Gipson maintains that the trial court's decision to impose a prison sentence resulted in a denial of due process.

When the State alleges that a defendant failed to pay court-assessed fees, a trial court must inquire as to a defendant's ability to pay and consider alternatives to imprisonment if it finds that a defendant is unable to pay. *Gipson*, 383 S.W.3d at 156 (citing *Bearden v. Georgia*, 461 U.S. 660, 672, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983)). It may be unconstitutional to deprive a defendant of his liberty when he is unable to pay. *Id.* at 157. Unlike the ability-to-pay statute and the common law, *Bearden* does not impose an evidentiary burden on the State. *Id*. Thus, Gipson's second issue concerns the procedures utilized by the trial court when revoking Gipson's community supervision and is not a question of evidentiary sufficiency.

We first note that Gipson's plea of "true" did not expressly waive a *Bearden* violation. Waivers of constitutional rights must be voluntary, knowing, intelligent acts "'done with sufficient awareness of the relevant circumstances and likely

consequences.'" *Rusk*, 2013 Tex. App. LEXIS 1274, at *24 (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). A failure to pay fees violates community supervision, but only a willful failure to pay fees supports revocation. *Id.* Gipson pleaded "true" to violating the terms of his community supervision by failing to pay court-ordered fines and fees, but this plea was neither an admission of willfulness nor a waiver of the trial court's duty to comply with *Bearden. See id.*

Whether Gipson implicitly waived his constitutional claim is analyzed under the framework of *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). In *Marin*, the Court of Criminal Appeals identified three categories of rights. *Id.* at 279. First, absolute requirements and prohibitions are not forfeitable. *Id.* These rights must be observed even without a party's request and cannot lawfully be avoided even with a party's consent. *Id.* at 280. "[A]ny party entitled to appeal is authorized to complain that an absolute requirement or prohibition was violated, and the merits of his complaint on appeal are not affected by the existence of a waiver or a forfeiture at trial." *Id.* Second, rights of litigants which must be implemented by the system unless expressly waived are not forfeitable. *Id.* A party is never deemed to have given up a waivable right unless done plainly, freely, and intelligently, sometimes in writing and always on the record. *Id.* The party is not

8

required to make a request at trial for the implementation of such rights because the trial court has an independent duty to implement them absent an effective waiver. *Id.* The trial court's failure to implement them is an error which may be urged for the first time on appeal. *Id.* Third, rights of litigants which are to be implemented upon request are subject to the Texas law of procedural default. *Id.* at 279.

Generally, complaints concerning procedural due process are not preserved for appeal if the appellant did not make a due process objection at the time of revocation. *Rogers v. State*, 640 S.W.2d 248, 263-64 (Tex. Crim. App. 1982) (second op. on reh'g); *see* Tex. R. App. P. 33.1(a). The preservation rule "ensures that trial courts are provided an opportunity to correct their own mistakes at the most convenient and appropriate time--when the mistakes are alleged to have been made." *Hull v. State*, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002). Even "constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for purposes of appellate review unless properly preserved." *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009).

We consider the right identified by the Supreme Court in *Bearden*—to have the court inquire as to the defendant's ability to pay—the type of procedural due process right that must be brought to the trial court's attention. The record does not

indicate that Gipson complained to the trial court that revocation of his community supervision and imposition of a prison sentence would violate due process. Accordingly, Gipson's second issue is not preserved for appellate review and is overruled. *See* Tex. R. App. P. 33.1(a); *see also Hull*, 67 S.W.3d at 217; *Rogers*, 640 S.W.2d at 263-64. Having sustained Gipson's first issue, we reverse the trial court's judgment revoking Gipson's community supervision and remand the case to the trial court for further proceedings consistent with this opinion.

      REVERSED AND REMANDED.

_____

STEVE McKEITHEN
Chief Justice

Submitted on January 3, 2013
Opinion Delivered March 13, 2013
Publish

Before McKeithen, C.J., Kreger and Horton, JJ.