

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00172-CR
_____

GERRY LYNN YOUNG, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 20588

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

This is an appeal from the revocation of community supervision and sentencing of Gerry Lynn Young to twenty-four months in a state jail facility. Young contends that he did not plead true as the judgment indicates, that the evidence is insufficient to show that he committed the community supervision violations alleged by the State because the State failed to meet its burden to show that he had the ability to pay various fees and costs assessed against him, and that he had excuses for failing to report. Therefore, he argues, the trial court abused its discretion by revoking his community supervision.

Young was placed on five years' community supervision (for theft) on June 22, 2005. Near the expiration of community supervision, on June 18, 2010, the court extended supervision for one more year, and, on June 20, 2011, the State filed a motion to revoke which charged Young with:

- failing to report and submit the required monthly report form, and

- failing to pay community supervision fees, court costs, attorney's fees, fines, and restitution.

## I. Revocation Standard of Review

When the trial court determines that one or more conditions of community supervision have been violated, the court may then continue, extend, modify, or revoke the community supervision, in its discretion. TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 22(a), 23(b) (West Supp. 2012); *Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.—Texarkana 2011, no pet.) (abuse of discretion standard applied to review of trial court's decision to revoke community supervision). At a revocation hearing, the State must prove by a preponderance of the evidence

that a condition of community supervision has been violated. A plea of true, standing alone, is sufficient to support revocation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *Perry v. State*, 367 S.W.3d 690, 693 (Tex. App.—Texarkana 2012, no pet.).[1]

## II. Plea of True

At the beginning stages of the hearing for revocation, Young gave rather inconsistent and confusing responses when asked how he pled to the various allegations. Young contends that his plea of true was so indeterminate that the trial court could not properly accept it. He further argues that even if the plea was adequate, the directives in the conditions are so vague as to fail to provide him with notice of exactly what he was required to do. The State alleged that he had failed to report to the Community Supervision Department of Lamar County as scheduled by the office or to submit a correct monthly report form for twenty-two months. In response, Young pled "True -- not true." The court, after hearing mixed signals from Young about other allegations, revisited the failure to report.

> THE COURT: What about the failure to report that you said -- that was untrue?
>
> [DEFENDANT]: No -- yes, some of it's true.
>
> THE COURT: Some of it but not all of it?
>
> [DEFENDANT]: I don't think all of its [sic] true but I think most of them are.
>
> THE COURT: Well then, we'll listen to some evidence on that.

---

[1]We recognize that many of the alleged violations pre-date the modification of Young's community supervision, but the record before us does not indicate that they are matters presented to the trial court as a basis for the 2011 modification. *See Bigham v. State*, 233 S.W.3d 118, 120 (Tex. App.—Texarkana 2007, no pet.).

3

After that, the following conversation occurred:

> [DEFENSE ATTORNEY]: I'd better let my client speak to that.
> Is it true, Mr. Young, you're pleading not true to the first paragraph, true to the other paragraphs in the motion, is that right?
>
> [DEFENDANT]: True.
>
> [DEFENSE ATTORNEY]: So that's correct?
>
> [DEFENDANT]: Yeah, that's correct.
>
> [DEFENSE ATTORNEY]: Not true to the first one --
>
> [DEFENDANT]: No, true to everything. It's true.
>
> THE COURT: All of them are true?
>
> [DEFENDANT]: Yes, all of them are true.
>
> THE COURT: Okay. . . .

We conclude that Young's statements were sufficiently confirmed by the efforts of counsel and the trial court to establish that his actual plea was true as to all allegations. As a plea of true standing alone is sufficient to support revocation, we conclude that the evidence is sufficient to support the court's ruling. *See Garcia v. State*, 387 S.W.3d 20 (Tex. Crim. App. 2012). Therefore, the trial court did not abuse its discretion by revoking his community supervision based upon the violation.

Young next argues that the condition of community supervision requiring him to report is so nonspecific as to fail to inform him of what he was required to do. The condition reads as follows:

4

(4)  Report in person to the Community Supervision and Corrections Department of Lamar County, Texas, monthly as directed during the period of probation, and submit a correct monthly report form as instructed.

A complaint that a condition of community supervision is too vague to be enforceable must be made at trial. *Rickels v. State*, 108 S.W.3d 900, 901 (Tex. Crim. App. 2003). This is a different scenario than exists when the complained-of condition is imposed as an amendment or modification of the community supervision order. Under those circumstances, the question is whether the probationer was given opportunity to object. *Id.* at 902. In this case, the condition was imposed when Young was placed on deferred adjudication, and there is no indication that any objection or complaint was made about its content. Under these circumstances, the issue has not been preserved for our review.

### III.  Constitutional Issues

Young raises a series of issues that are constitutional in nature. He points out his indigency and low level of income, and the State neither provided any evidence (nor did it allege in its motion to revoke) that he was able to pay all of the numerous fees assessed against him. This Court has previously addressed the constitutional and statutory constraint on imprisoning an indigent defendant. *Rusk v. State*, No. 06-12-00099-CR, 2013 WL 503957 (Tex. App.—Texarkana Feb. 12, 2013, no pet. h.); *see* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (West Supp. 2012); *Bearden v. Georgia*, 461 U.S. 660 (1983). Because Young entered a plea of true to all allegations, including the failure to report, we need not reach the constitutional issues since another valid reason for revocation exists.

We affirm the judgment of the trial court.

Jack Carter
Justice

Date Submitted: March 20, 2013
Date Decided: March 21, 2013

Do Not Publish