**Affirmed and Memorandum Opinion filed July 2, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00917-CR
### NO. 14-12-00918-CR

---

### STEVEN PAUL WORKS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 163rd District Court
### Orange County, Texas
### Trial Court Cause No. B-110347-R

---

## M E M O R A N D U M   O P I N I O N

Appellant Steven Paul Works' probation was revoked and he was sentenced to two consecutive life sentences in the Institutional Division of the Texas Department of Criminal Justice. In a single issue appellant challenges the sufficiency of the evidence to support revocation of his probation. We affirm.

Appellant entered pleas of guilty to three indictments for sexual assault. The

court sentenced appellant to ten years' confinement in the Texas Department of Criminal Justice to run concurrently in two of the cases, and in the instant case, placed appellant on deferred adjudication probation for a term of ten years on each of two counts.

On May 29, 2012, the State filed a Motion to Impose Guilt on both counts in this case, alleging that appellant violated a condition of his probation in that he contacted and communicated with the complainant via telephone thirteen times within a two-week period of time. On June 29, 2012, appellant entered a plea of true to these allegations. On September 4, 2012, the trial court held a hearing on the motion to revoke. On the first count, the court revoked appellant's probation and assessed appellant's punishment at life in prison which sentence was ordered to run concurrent to the ten year sentences assessed previously. On the second count, the court revoked appellant's probation and assessed appellant's sentence at life in prison to run consecutively with the life sentence assessed for count one.

Appellant pleaded guilty to the sexual assault of his fourteen-year-old daughter. As a condition of his probation he was ordered:

> Never communicate with or have any contact whatsoever with [the complainant], either in person, by phone, via mail, or e-mail, or through a third party; and do not go onto or near his/her residence or workplace.

Following his sentencing appellant spent a period of time in the Orange County Jail. While in jail he continued to call the complainant on her mobile phone. The complainant's mother discovered the communication and notified law enforcement authorities. Law enforcement learned that appellant made more than 270 collect calls from jail to the complainant. They also learned that after appellant was transferred to the Texas Department of Criminal Justice he continued to contact the complainant. He was unable to phone directly, but contacted her

through communication with his other daughter.

Based on appellant's violation of the above condition of probation, the State filed a Motion to Impose Guilt in both counts in this case. Appellant entered a plea of true to violating the above condition of probation. He stated on the record that his plea was made freely and voluntarily because the allegations are, in fact, true. On appeal appellant challenges the sufficiency of the evidence to support the revocation of his probation.

In reviewing a probation revocation, we examine the evidence in the light most favorable to the trial court's findings to determine whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State must prove, by a preponderance of the evidence, that appellant violated the conditions of probation in order to succeed on a motion to revoke probation. *See Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). A plea of true to any one of the alleged violations is sufficient to support the trial court's order of revocation. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Gipson v. State*, 395 S.W.3d 910, 914 (Tex. App.— Beaumont 2013, no pet.); *Moore v. State*, 11 S.W.3d 495, 498 n. 1 (Tex. App.— Houston [14th Dist.] 2000, no pet.). Once a plea of true has been entered, a defendant may not challenge the sufficiency of the evidence to support the subsequent revocation. *See Rincon v. State*, 615 S.W.2d 746, 747 (Tex. Crim. App. [Panel Op.] 1981); *Cole*, 578 S.W.2d at 128.

Because appellant entered a plea of true, he cannot challenge the sufficiency of the evidence to support the subsequent revocation. Further, evidence of appellant's phone calls from jail and his attempts at communication from prison is sufficient to prove by a preponderance of the evidence that appellant violated his probation. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.


PER CURIAM


Panel consists of Justices Brown, Christopher, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).