

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name:      Emmanuel Fontenot v. The State of Texas

Appellate case number:    01-13-00289-CR

Trial court case number:  09-08011

Trial court:              Criminal District Court of Jefferson County

On June 25, 2013, appellant's counsel David Barlow moved to withdraw from the above-captioned appeal and filed a brief concluding that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).

We find the brief filed on appellant's behalf deficient. The record indicates that this is an appeal of a revocation of community supervision and an adjudication of guilt. However, the majority of counsel's arguments in the 1½-page "Argument" section of the brief focus on appellant's original guilty plea which resulted in an order of deferred adjudication, despite the fact that an appellant may not appeal matters relating to the original plea proceeding after his community supervision has been revoked and his adjudication of guilt formally made. *See Vidaurri v. State*, 49 S.W.3d 880, 884 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999). The brief does not specifically address the four grounds for revocation, two of which pertain to payment of fees and two of which pertain to allegations that appellant committed a terroristic threat. The brief does not address whether appellant could raise a claim on appeal regarding his pleas of true to the allegations regarding fees. *See Gipson v. State*, 395 S.W.3d 910, 914 (Tex. App.—Beaumont 2013, pet. granted); *see also Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2012) (remanding case to court of appeals for determination regarding whether appellant waived right to raise on appeal issue regarding inability to pay fees and costs by pleading true in revocation proceeding to allegation that fees were unpaid). Further, the brief does not address the evidence elicited at the hearing regarding the alleged terroristic threat, including any discussion of the elements of such an offense, what evidence was elicited regarding each element, any objections that were raised at the hearing and whether they might constitute grounds for appeal, the sufficiency of the evidence raised, or any other issue regarding these grounds.

By failing to provide a complete professional evaluation of the record, counsel's brief provides insufficient aid to appellant or to this Court, and it fails to meet the requirements of *Anders*. *See McCoy v. Court of Appeals of Wisc., Dist. 1*, 486 U.S. 429, 442, 108 S. Ct. 1895, 1903–04 (1988) (requiring appellate court, in addition to determining whether counsel correctly determined that appeal is frivolous, to "satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal); *Anders*, 386 U.S. at 744–45, 87 S. Ct. at 1400 (requiring counsel to file brief that assists client by evaluating all potential grounds for appeal and aids Court in evaluating record); *High*, 573 S.W.2d at 812 (requiring "brief of counsel to contain a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced").

This Court therefore directs the Clerk of this Court to **strike** the defective *Anders* brief and the accompanying motion to withdraw. *See Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991); *Banks v. State*, 341 S.W.3d 428, 432 (Tex. App.—Houston [1st Dist.] 2009, order), *disp. on merits*, No. 01-08-00286-CR, 2010 WL 1053218 (Tex. App.—Houston [1st Dist.] March 11, 2010, no pet.). A new brief that either complies with the requirements of *Anders* or that addresses meritorious issues discovered after a diligent and thorough search of the record in this appeal shall be filed by appellant's counsel in this appeal **within 30 days of the date of this order.** *Id.* No extensions will be granted absent extraordinary circumstances. *See* TEX. R. APP. P. 38.6(d).

It is so ORDERED.

Judge's signature: /s/ Michael Massengale

☑ Acting individually ☐ Acting for the Court

Date: July 3, 2013