**Affirmed and Memorandum Opinion filed July 30, 2013.**



In The

# Fourteenth Court of Appeals

NO. 14-12-00597-CR
NO. 14-12-00598-CR

**REGINALD RAYSHARD ROBINSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Tarrant County, Texas**
**Trial Court Cause Nos. 1193482D, 1193483D**

## M E M O R A N D U M   O P I N I O N

Appellant Reginald Rayshard Robinson pleaded guilty to two counts of sexual assault of a child, *see* TEX. PENAL CODE ANN. § 22.011(a)(2) (West 2011), and was placed on deferred adjudication with community supervision. The State petitioned to proceed to adjudication, and after a hearing, the trial court found that appellant violated the terms of his probation and adjudicated appellant guilty of the

initial offenses. The court sentenced appellant to fifteen years' confinement on each count to run concurrently. In three issues, appellant contends the trial court erred by adjudicating him guilty and considering certain evidence during sentencing. We affirm.

## I. BACKGROUND

Appellant was working as a substitute teacher when he sexually assaulted two girls, ages fourteen and sixteen, during separate incidents. On April 15, 2011, he pleaded guilty to two counts of sexual assault and received deferred adjudication with community supervision probation for ten years. The conditions of his probation required appellant to, among other things:

- "Submit to sex offender treatment evaluation as directed by the supervision officer. . . . Treatment must be completed within three years of its initiation, with at least one-third of treatment completed each year";

- "Have no contact with any child under 17 years of age unless a chaperon approved by the Court or supervision officer is present";

- "[N]ot purchase, possess, access, own, or operate a cell phone that is capable of internet access"; and

- Pay a $60 "supervision fee" and $5 "sex offender fee" each month during the period of supervision.

The State filed its third amended petition to proceed to adjudication on May 2, 2012, alleging six violations:

1. "[T]he defendant failed to complete one-third of sex offender treatment within one year of its initiation date of April 19, 2011";

2. "[O]n about September or October 2011, the defendant had sexual contact with a child that was under 17 years of age and the defendant did not have a chaperon approved by the court or supervision officer present";

3. "[O]n or about July 18, 2011, the defendant had contact with a child

that was under 17 years of age and the defendant did not have a chaperon approved by the court or supervision officer present";

4. "[O]n or about July 1, 2011, the defendant had contact with a child that was under 17 years of age and the defendant did not have a chaperon approved by the court or supervision officer present";

5. "[O]n or about February 14, 2012, the defendant owned a cell phone that was capable of Internet access"; and

6. "The defendant failed to pay" the supervision and sex offender fees for "May, June, July, August, November, and December 2011."

The trial court held a revocation hearing, at which appellant pleaded "true" to the first, fifth, and sixth allegations, and "not true" to the second, third, and fourth allegations. During the hearing, the State abandoned its fourth allegation. Two witnesses testified: appellant's probation officer, Elaine Brown; and appellant's court-mandated psychotherapist, George Michael Strain. At the conclusion of the revocation hearing, the trial court found that appellant violated the terms and conditions of probation as alleged in the State's petition—namely, paragraphs one, two, three, five, and six—and proceeded to adjudication, finding appellant guilty of the initial offense in each case. At the beginning of the punishment phase, the State reoffered the testimony adduced during the revocation hearing and then rested. Appellant did not object and proceeded to call two witnesses: his mother and sister. Ultimately, the court sentenced appellant to fifteen years' confinement on each charge, which was within the penalty range of two to twenty years' confinement. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 22.011(f) (West 2011).

Appellant complains on appeal about the trial court's adjudication of guilt and the sentence imposed. We address each contention in turn.

3

## II.  ADJUDICATION OF GUILT

In his first two issues, appellant contends the trial court abused its discretion in finding that he violated the terms of his probation by: (1) failing to pay the fees in accordance with the sixth allegation because there was legally insufficient evidence that his failure to pay was intentional and that he had the ability to pay; and (2) having sexual contact with a child in accordance with the second allegation because there was legally insufficient evidence to prove that the girl was a child under seventeen years of age.  The State contends that the trial court did not abuse its discretion because appellant pleaded "true" to the first and fifth allegations, both of which are grounds for revocation that appellant does not challenge on appeal.

The State must prove a ground for revocation of probation—including deferred adjudication—by a preponderance of the evidence.  *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013).  A trial court does not abuse its discretion in revoking probation if there is one sufficient ground for revocation. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  If there is sufficient evidence that the defendant committed one of several grounds for revocation, we will affirm.  *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978).  To prevail on appeal, an appellant "must successfully challenge all the findings that support the revocation order."  *Joseph*, 3 S.W.3d at 640. Generally, when a defendant pleads "true" to a ground for revocation, the evidence is sufficient to support the revocation.  *See, e.g.*, *Gipson v. State*, 383 S.W.3d 152, 155 (Tex. Crim. App. 2012); *Moore v. State*, 11 S.W.3d 495, 498 n.1 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  A defendant's plea of true, standing alone, may be sufficient to support the revocation of probation.  *See, e.g.*, *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Battles v. State*, 626

4

S.W.2d 149, 150 (Tex. App.—Fort Worth 1981, no pet.).

Appellant pleaded "true" to the first and fifth alleged violations, and he does not challenge the sufficiency of the evidence on those grounds. His pleas of true to these allegations are sufficient evidence supporting the trial court's decision to adjudicate guilt. Further, appellant does not challenge the trial court's affirmative finding on the third ground for revocation, and Brown's testimony is clearly sufficient to support the allegation that appellant had un-chaperoned contact with a minor.[1] Accordingly, we hold that the trial court did not abuse its discretion by revoking appellant's probation and adjudicating guilt.[2]

Appellant's first and second issues are overruled.

---

[1] Brown testified that appellant admitted to having contact with a four-year-old nephew on or about July 18, 2011. Specifically, appellant "stated that on one occasion he picked his nephew up and drove him to his mother's house." Appellant did not have a chaperon at the time.

[2] Given that appellant pleaded true to several unchallenged grounds for revocation, we need not—and do not—hold that appellant's plea of true to the sixth allegation justifies revocation in the absence of any proof that he had the ability to pay and willfully failed to do so. *See generally Gipson v. State*, 395 S.W.3d 910, 914–15 (Tex. App.—Beaumont 2013, pet. granted); *see also Lively v. State*, 338 S.W.3d 140, 145–46 (Tex. App.—Texarkana 2011, no pet.) (holding that the defendant's plea of true to a failure-to-pay allegation did not satisfy the State's additional burden to prove the defendant's willful refusal to pay, as required by the United State Constitution).

## III.  PUNISHMENT

In his third issue, appellant contends that the trial court "abused its discretion by considering the evidence regarding the alleged violations set out in paragraphs two and six in setting punishment."  In particular, appellant contends that the trial court "set punishment based on consideration of evidence admitted . . . in connection with alleged violations that had not been properly proven."  The State contends, among other things, that appellant has failed to preserve error by failing to object in the trial court.  We agree with the State.

To preserve error for appellate review, a defendant must make a timely request, objection, or motion in the trial court with sufficient specificity to make the trial court aware of the complaint; and the trial court must rule on the complaint.  *See* TEX. R. APP. P. 33.1(a).  A defendant fails to preserve error concerning the admission of evidence during the punishment phase of trial, including evidence of unadjudicated extraneous offenses, if the defendant does not object.  *See, e.g.*, *McFarland v. State*, 928 S.W.2d 482, 511–12 (Tex. Crim. App. 1996); *Malpica v. State*, 108 S.W.3d 374, 379 (Tex. App.—Tyler 2003, pet. ref'd).[3]

Appellant did not object to the State's reoffer of the evidence from the revocation hearing.  He did not specifically object to the trial court considering evidence of the State's second and sixth allegations, nor did he object generally to the trial court considering all of the evidence.  Appellant contends that his plea of

---

[3] We note that appellant cites no authority for his contentions that the trial court erred by "considering" this evidence due to the violations not being "properly proven."  We have previously treated an appellate complaint about the lack of proof of extraneous matters alleged during punishment as a complaint about the admission of evidence, given that courts of appeals do not review the sufficiency of the evidence supporting extraneous offenses alleged during punishment.  *See Palomo v. State*, 352 S.W.3d 87, 94–95 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

"not true" to the allegations during the revocation hearing "sufficiently preserved his error that evidence regarding those matters were not proven." Appellant cites no authority for this proposition, and we find none. Appellant's plea during the earlier proceeding would not have informed the trial court that it should not consider the evidence during punishment.[4]

Appellant's third issue is overruled.

## IV. CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment.

/s/     Sharon McCally
Justice

Panel consists of Justices Christopher, Jamison, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[4] *See, e.g.*, *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992) ("[A]ll a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants [and] why he thinks himself entitled to it . . . .").