

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0377-13

**RAIMOND KEVON GIPSON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### JEFFERSON COUNTY

ALCALA, J., filed a concurring opinion in which COCHRAN, J., joined.

### CONCURRING OPINION

I join the majority opinion upholding the conviction of Raimond Kevon Gipson, appellant. I write separately to point out that the majority opinion does not reach a ground that, if preserved, might well have changed the outcome of this case. Included within his arguments in this appeal, appellant accurately observes that the federal Constitution requires that a trial court inquire into a defendant's reasons for his failure to pay a fine and consider alternatives to his incarceration. In light of the trial court's failure to make such inquiries in this case, I conclude that, but for appellant's failure to preserve this complaint for review, the

outcome of this appeal would probably be different.

I agree with the majority opinion that the trial court properly revoked appellant's community supervision on the basis that he failed to pay his fine because fines are not included within the ability-to-pay statute. Appellant's community supervision was revoked on the basis that he failed to pay certain amounts assessed as a fine, court costs, and fees for supervision, pre-sentence investigation, and Crime Stoppers.[1] As the majority opinion points out, fines are not included within Texas's ability-to-pay statute, which, under its plain language, applies only to "compensation paid to appointed counsel, community supervision fees, or court costs[.]" TEX. CODE CRIM. PROC. art. 42.12, § 21(c); *see Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (distinguishing fines from court costs); *Weir v. State*, 278 S.W.3d 364, 366–67 (Tex. Crim. App. 2009) (same). As also noted by the majority opinion, because fines are punitive, they are characteristically different from the types of expenses listed in the ability-to-pay statute that are directed at recouping the

---

[1] Appellant's community supervision was revoked on the grounds that he failed to pay (1) a fine, which is discussed above; (2) court costs and community supervision fees, which are specifically named under the ability-to-pay statute, which, under its plain language, applies to "compensation paid to appointed counsel, community supervision fees, or court costs"; (3) fees for pre-sentence investigation; and (4) fees for Crime Stoppers. *See* TEX. CODE CRIM. PROC. art. 42.12, § 21(c). The third category consists of a recoupment fee that, in a very general sense, may be described as a cost associated with the function of a court. When a defendant is sentenced, courts will sometimes conduct a background check in the form of a pre-sentence investigation, and there will be costs to the court associated with that check. *See id.* §§ 9, 9A, 15(c)(1). I, therefore, would catagorize the fee for pre-sentence investigation as a court cost for purposes of the ability-to-pay statute. The fourth category, however, is a bit more problematic. Crime Stoppers fees are not court costs because their purpose is to recover society's costs in crime prevention and solution. They are, therefore, recoupment fees, and unlike punitive fines. I leave for another day whether the failure to pay Crime Stoppers fees should be included within the fees described in the ability-to-pay statute.

expenses of the trial court in the prosecution of a defendant. *See Armstrong*, 340 S.W.3d at 767 ("Fines are punitive, and they are intended to be part of the convicted defendant's sentence as they are imposed pursuant to Chapter 12 of the Texas Penal Code, which is entitled 'Punishments.'"); *Weir*, 278 S.W.3d at 366 (stating that court costs are intended as "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case") (citations omitted). Furthermore, the majority opinion correctly observes that, because a defendant's community supervision can be revoked solely for failing to pay a fine, the trial court's judgment revoking appellant's community supervision may be upheld on this ground alone. *See Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Smith v. State*, 286 S.W.3d 333, 342–43 (Tex. Crim. App. 2009); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

Although appellant presented no objections that he was unable to pay his fine and fees, his sufficiency-of-the-evidence challenge under the ability-to-pay statute may be addressed on appeal, but his complaint under the federal Constitution may not. Even absent preservation, an appellate court may address whether the evidence is sufficient to support revocation because the statute describes the evidentiary burden of the State, and sufficiency-of-the-evidence complaints cannot be forfeited through the inaction of failure to object at trial. *See Bryant*, 391 S.W.3d at 93; *Gipson v. State*, 395 S.W.3d 910, 914–15 (Tex. App.—Beaumont 2013) (op. on remand). In contrast, appellant forfeited his complaint under the federal Constitution by failing to object on that basis at trial. *See Gipson*, 395 S.W.3d

at 916 (citing *Rogers v. State*, 640 S.W.2d 248, 263–64 (Tex. Crim. App. 1982) (second op. on reh'g)); *see also Ieppert v. State*, 908 S.W.2d 217, 219 (Tex. Crim. App. 1995); TEX. R. APP. P. 33.1(a).

Because appellant was required to preserve his complaint under the federal Constitution and did not do so, this Court correctly does not address that matter. I address it, however, to explain why the result in this case would likely have been different had appellant preserved that constitutional complaint. In *Bearden v. Georgia*, the Supreme Court held that, "in revocation proceedings for failure to pay a fine," the Fourteenth Amendment requires that "a sentencing court must inquire into the reasons for the failure to pay" and that the judge consider alternatives to imprisonment if he finds that a defendant is unable to pay.[2] 461 U.S. 660, 672, 103 S. Ct. 2064 (1983); *see also* U.S. CONST. amend. XIV. No evidence in this record shows that the sentencing court inquired into the reasons for appellant's failure to pay, and therefore, had appellant's complaint under the federal Constitution been preserved, it would appear that relief should be granted to him and his conviction reversed.

---

[2] Like the failure to pay a fine, Texas statutes describing revocation for failure to pay restitution differ from the requirements in the federal Constitution. Like fines, the federal Constitution requires a court to inquire into a defendant's inability to pay restitution and consideration of alternative punishment methods before incarceration. *Bearden v. Georgia*, 461 U.S. 660, 672, 103 S. Ct. 2064 (1983); *see also* U.S. CONST. amend. XIV. In contrast, Texas statutes do not require a court to consider alternative punishment methods before incarceration for failing to pay restitution. *See* TEX. CODE CRIM. PROC. arts. 42.037(h) (requiring court to consider defendant's (1) employment status; (2) current and future earning ability; (3) current and future financial resources; (4) willfulness of his or her failure to pay; (5) "any other special circumstances that may affect the defendant's ability to pay"; and (6) victim's financial resources or ability to pay expenses incurred as a result of the offense); 42.0371(d); 42.0372(d) (allowing court to hold hearings on failure to pay mandatory restitution to child-kidnapping or human-trafficking victims).

*See Bearden*, 461 U.S. at 674 (without determination as to defendant's reasons for failure to pay and lack of alternatives, "fundamental fairness requires that the petitioner remain on probation").

Furthermore, as this Court noted in its first *Gipson* opinion, the applicability of the evidentiary or procedural burden differs among revocations based on a failure to pay a fine, depending on whether the complaint is analyzed under the ability-to-pay statute or the federal Constitution. *See Gipson v. State*, 383 S.W.3d 152, 157 (Tex. Crim. App. 2012) ("*Gipson I*") ("*Bearden* prescribes a mandatory judicial directive, not a prosecutorial evidentiary burden."). Under the ability-to-pay statute, the State must prove by a preponderance of the evidence that the defendant was able to pay certain amounts and did not pay as ordered by the judge. TEX. CODE CRIM. PROC. art. 42.12, § 21(c); *see Gipson I*, 383 S.W.3d at 159 n.3. By comparison, the federal Constitution places the burden on the trial judge to inquire into the reasons for the failure to pay and permits incarceration when "alternate measures are not adequate to meet the State's interests in punishment and deterrence[.]" *Bearden*, 461 U.S. at 672. The outcome of a defendant's appeal, therefore, could be entirely different depending on whether the case is analyzed under the Texas statute or the federal Constitution. Here, because fines are not included within the ability-to-pay statute, appellant's revocation may be properly upheld under that statute even if the trial court did not consider whether he had the ability to pay the fine, but, had he preserved his complaint under the federal Constitution, his revocation would be improper unless the trial court first considered his ability to pay and

alternatives to his incarceration.

Though there are Texas statutes with evidentiary requirements or other considerations for certain monetary allegations, the federal Constitution may ultimately provide greater relief because it requires a judge to consider alternatives to imprisonment if he finds that a defendant is unable to pay. It would be prudent for a defendant who is facing revocation solely for monetary allegations such as failing to pay a fine, restitution, or other fees, to assert an objection under the federal Constitution because the failure to do that may be outcome-determinative, as here. With these comments, I join the majority opinion.

Filed: April 16, 2014

Publish