ACCEPTED
03-14-00616-CR
3888712
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/24/2015 3:34:55 PM
JEFFREY D. KYLE
CLERK

## CAUSE NO. 03-14-00616-CR

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/26/2015 12:00:00 AM
JEFFREY D. KYLE
Clerk

## IN THE COURT OF APPEALS
## FOR THE THIRD DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **ALEXIS MARIE IRELAND** | § |
| | § |
| **v.** | § |
| | § |
| **STATE OF TEXAS** | § |

## APPELLANT'S BRIEF

**Justin Bradford Smith**
**Texas Bar No. 24072348**
**Harrell, Stoebner, & Russell, P.C.**
**2106 Bird Creek Drive**
**Temple, Texas 76502**
**Phone: (254) 771-1855**
**FAX: (254) 771-2082**
**Email: justin@templelawoffice.com**

**ATTORNEY FOR APPELLANT**

**ORAL ARGUMENT NOT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

**Appellant**
Alexis Marie Ireland

**Appellant's Counsel**
Justin Bradford Smith
Harrell, Stoebner, & Russell, P.C.
2106 Bird Creek Drive
Temple, Texas 76502
Phone: (254) 771-1855
FAX: (254) 771-2082
Email: justin@templelawoffice.com

**Appellant's Trial Counsel**
Jack Holmes
1610 South 31st Street, Suite 102, PMB 235
Temple, TX 76504

**Appellee**
State of Texas

**Appellee's Trial Counsel**
Leslie McWilliams
Bell County District Attorney
P.O. Box 540
Belton, Texas  76513
Telephone:  (254) 933-5215
Fax:  (254) 933-5238

**Appellee's Appellate Counsel**
Bob Odom
Bell County District Attorney's Office
Email:  DistrictAttorney@co.bell.tx.us

# TABLE OF CONTENTS

Identity of Parties and Counsel…………………….…………………………... 2

Table of Contents……………………………………………………………..3-4

Index of Authorities…………………………………………………………..5-6

Statement of the Case…………………………………………………………...7

Issues Presented…………………….……...……………………………………..7-8

        ISSUE ONE:    The judgment must be vacated as to restitution and a new hearing ordered on the amount of restitution because the evidence is insufficient to support a factual basis for the full amount of restitution ordered in the written judgment, and the record does not otherwise conclusively establish the amount of restitution owed………………...….…………7

        ISSUE TWO:    The judgment must be vacated as to court costs and a new hearing ordered as to the amount owed because the record suggests some payments were made towards court costs, but the precise amount is unclear, and one cost appears without a statutory basis…………………….....................7-8

Statement of Facts……………………………….……………………………..8-11

Summary of the Argument……………………………..………………………...11-14

        ISSUE ONE:    The judgment must be vacated as to restitution and a new hearing ordered on the amount of restitution because the evidence is insufficient to support a factual basis for the full amount of restitution ordered in the written judgment, and the record does not otherwise conclusively establish the amount of restitution owed…………….....….….…...11

Argument……………………………………………………….........14-24

Standard of Review and Applicable Law…...……………………………14-16

Application…………………………………………..…………………..…17-24

Conclusion…………………………………………………………………...24

Summary of the Argument……………………………………………24-25

       ISSUE TWO:     The judgment must be vacated as to court costs and a new hearing ordered as to the amount owed because the record suggests some payments were made towards court costs, but the precise amount is unclear, and one cost appears without a statutory basis……………………......................24

Argument…………………………………………………………25-29

Standard of Review and Applicable Law…...…………………………………25-26

Application……………………………………………………26-29

Conclusion……………………………………………………………...29

Prayer……………………………………………………………….........29

Certificate of Compliance…………………………………………………...30

Certificate of Service………………………………………………………...31

# INDEX OF AUTHORITIES

**Texas Court of Criminal Appeals:**

*Burt v. State*, 396 S.W.3d 574
(Tex. Crim. App. 2013)……………………………………………….16, n. 1

*Burt v. State*, 445 S.W.3d 752
(Tex. Crim. App. 2014)………………………..………………15-18, 23

*Brewer v. State*, No. 1270-03, 2004 WL 3093224
(Tex. Crim. App. May 19, 2004) (unpublished)………………………19, n.2

*Campbell v. State*, 5 S.W.3d 693
(Tex. Crim. App. 1999)……………………………………………….16

*Cartwright v. State*, 605 S.W.2d 287
(Tex. Crim. App. 1980)……………………………………………...14, 16

*Cole v. State*, 578 S.W.2d 127
(Tex. Crim. App. 1979)……………………………………………….22

*Davis v. State*, 368 S.W.2d 368
(Tex. Crim. App. 1998)……………………………………………...14, 17

*Ex parte Cavazos*, 203 S.W.3d 333
(Tex. Crim. App. 2006) (orig. proceeding)……………….................15, 17

*Gonzalez v. State*, 117 S.W.3d 831
(Tex. Crim. App. 2003)……………………………………………….14

*Johnson v. State*, 423 S.W.3d 385
(Tex. Crim. App. 2014)………………………………………..25-27 n. 4

*Moff v. State*, 131 S.W.3d 485
(Tex. Crim. App. 2004)……………………………………………….16

*Taylor v. State*, 131 S.W.3d 497
(Tex. Crim. App. 2004)……………………………………...14-15, 17

*Weir v. State*, 278 S.W.3d 364
  (Tex. Crim. App. 2006)……………………………………………………...15, 17

**Texas Courts of Appeals:**

*Alexander v. State*, 301 S.W.3d 361
  (Tex. App.—Fort Worth 2009, no pet.)………………………………..15, 17

*O'Neal v. State*, 426 S.W.3d 242
  (Tex. App.—Texarkana 2013, no pet.)…………………………………….14

*Rusk v. State*, 440 S.W.3d 694
  (Tex. App.—Texarkana 2013, no pet.)…………………………………22-23

*Sauceda v. State*, 309 S.W.3d 767
  (Tex. App.—Amarillo 2010, pet. ref'd)………………………………..15, 17

*Tschirhart v. Tschirhart*, 876 S.W.2d 507
  (Tex. App.—Austin 1994, no writ)……………………………..20, 27 n. 4

**Statutes/Rules:**

Tex. Code Crim. Proc. Ann. 42.03, Section 1(a)………………………………15

Tex. Code Crim. Proc. Ann. art. 42.12, Section 9(a)……………………………..19

Tex. Code Crim. Proc. Ann. art. 42.12, Section 9(j)…………………………...19 n. 2

Tex. Code Crim. Proc. Ann. art. 42.22……………………………………………28

Tex.  Gov't Code Section 103.024…………………………………………………..28

## STATEMENT OF THE CASE

Nature of the Case:    This is an appeal from the sentence imposed following an adjudication of guilt and revocation of community supervision. (VII R.R. at 6-7). In 2012, the trial court placed Appellant on deferred adjudication for five years for forgery by passing. (I C.R. at 28) (VI R.R. at 4). The State filed multiple motions to adjudicate, with the most recent motion being filed in 2014. (I C.R. at 33-35;56-58; 71-73).

Judge/Court:    Judge John Gauntt, 27th District Court, Bell County.

Pleas:    Appellant pled true and the trial court held a sentencing hearing. (VI R.R. at 8) (VII R.R. at 1-9) (I C.R. at 82-84).

Trial Court Disposition:    Without hearing evidence, the trial court adjudicated Appellant guilty and sentenced her to two years in the state jail. (VII R.R. at 4; 7). The written judgment imposes $1,922.57 in restitution and $572.00 in court costs. (I C.R. at 92-93).

## ISSUES PRESENTED

ISSUE ONE: The judgment must be vacated as to restitution and a new hearing ordered on the amount of restitution because the evidence is insufficient to support a factual basis for the full amount of restitution ordered in the written judgment, and the record does not otherwise conclusively establish the amount of restitution owed.

ISSUE TWO: The judgment must be vacated as to court costs and a new hearing ordered as to the amount owed because the record suggests some payments

were made towards court costs, but the precise amount is unclear, and one cost appears without a statutory basis.

## STATEMENT OF FACTS

After being charged by information with forgery by passing (I C.R. at 5-6), Appellant pled guilty and received five years deferred adjudication. (II R.R. at 6; III R.R. at 5-8); (I C.R. at 14-18; 28-31). The court's January 24, 2012 order deferring adjudication orders restitution in the amount of $1,922.57, (I C.R. at 30), which is the amount the court orally pronounced, (III R.R. at 6), payable in increments of $35.00 per month, and court costs in the amount of $246.00, payable in increments of $10.00 per month. (I C.R. at 30). The court also subjected Appellant to the typical conditions of community supervision, including prohibiting her from committing further offenses, ordering her to pay fees and restitution, ordering her to complete community services hours, and so forth. (I C.R. at 29-31). Appellant waived her right to appeal this order. (I C.R. at 25-27).

On May 17, 2012, the State filed the first of a series of motions to adjudicate. (I C.R. at 33-35). This motion alleged, among other things, that Appellant failed to pay the restitution, and was "delinquent $105.00", and that Appellant failed to pay court costs, and was "delinquent $30.00". (I C.R. at 33). At the hearing on this motion, Appellant pled true, (IV R.R. at 7) (VIII R.R. at

Second SX-1 "Judicial Stipulation")), and the court accepted her plea, but declined to revoke her probation and instead added some jail time. (IV R.R. at 7; 15).

On February 12, 2013, the State filed its second motion to adjudicate and alleged, among other things, that Appellant had failed to pay restitution and was "delinquent $45.00", and was delinquent $10.00 in court costs. (I C.R. at 56). This time, Appellant pled "not true" (V R.R. at 7), and after hearing evidence the court again declined to revoke Appellant's probation, but instead continued her on the "terms and conditions of [her] probation as they are currently set out." (V R.R. at 34).

Among the evidence the court heard was testimony from the probation officer that Appellant "would have to continue making payments, and she would have to get current since she was behind previously." (V R.R. at 12). Appellant was "behind on all kinds of payments", (V R.R. at 15), and the probation officer believed Appellant was "a little over $1,000 behind." (V R.R. at 16). The probation officer indicated this delinquency included: "Crime Stoppers, life skills, restitution, probation fees, court costs, PSI fees, substance abuse fees, substance abuse test fees." (V R.R. at 16). Appellant's boyfriend and her mother made a $100 payment toward her arrearages. (V R.R. at 21). The probation officer affirmed this $100 payment went towards the entire $1,000. (V R.R. at 22).

On February 19, 2014, the State filed its third motion to adjudicate, which led to the court revoking Appellant's probation and this appeal. (I C.R. at 71-73; 85-87; 92-94) (VII R.R. at 7). Among other things, this motion alleged that Appellant failed to pay her restitution and was "delinquent $630.00", and that Appellant was "delinquent $140.00" in payments towards court costs. (I C.R. at 85). The principal basis of this motion, however, was that Appellant was accused of committing the new offense of burglary of a building. (I C.R. at 85; 87).

Appellant again pled true to the allegations (VI R.R. at 4-8) and signed an "Adjudication/Revocation Waivers, Agreements, Judicial Confession". (I C.R. at 82-84) (VIII R.R. at Third SX-1 ("Judicial Stipulation")). The court found the evidence sufficient to find the allegations true, but withheld the finding to have a sentencing hearing. (VI R.R. at 9).

At the sentencing hearing, the State presented no evidence, "just argument". (VII R.R. at 4-5). The court took judicial notice of its file, and at Appellant's request, read the presentencing investigation report. (VII R.R. at 4). After brief arguments, (VII R.R. at 5-6), the court adjudicated Appellant guilty and revoked her probation. (VII R.R. at 7).

The court then sentenced Appellant to two years in the state jail, stated she would have to pay court costs "in the amount of $5722 [sic]", and stated she "will

still owe whatever restitution remains unpaid of the original $19,232.57 [sic] that was previously ordered." (VII R.R. at 7).

The court's written judgment orders restitution in the amount of $1,922.57 and court costs in the amount of $572.00. (I C.R. at 92-94). The clerk's record contains a bill of costs showing various amounts owed, including the full amount of restitution and a "State Elect Filing Fee—Crimi". (I C.R. at 95-96). This appeal followed.

## SUMMARY OF THE ARGUMENT

ISSUE ONE: The judgment must be vacated as to restitution and a new hearing ordered on the amount of restitution because the evidence is insufficient to support a factual basis for the full amount of restitution ordered in the written judgment, and the record does not otherwise conclusively establish the amount of restitution owed.

This is a case in which the trial court ordered restitution through oral pronouncement but failed to state the amount, so the restitution cannot be deleted, but the factual basis to support the amount of restitution ordered is lacking, so a new restitution hearing should occur.

A defendant on deferred adjudication is not sentenced unless and until he is adjudicated guilty. Once adjudicated guilty, he is sentenced, but the original order deferring adjudication is set aside, including any fines or restitution ordered

11

therein. Sentence must be orally pronounced to be valid: when there is a variance between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. Restitution is part of the sentence and thus must be orally pronounced. When the trial court orally pronounces restitution, but fails to state the amount, the remedy is to vacate the restitution order and remand for a new hearing on the amount of restitution if the record does not conclusively establish the amount of restitution ordered. Here, the trial court made restitution part of its oral pronouncement, but did not state an amount. Later, the written judgment contained a specific amount. The question is whether the evidence provides a factual basis to support the full amount of restitution.

The trial court received no evidence before orally pronouncing restitution, but simply read a presentence investigation report. This report would not ordinarily contain the amount of restitution owed, but rather the amount of restitution necessary to adequately compensate the victim—that is, the original, not the current, amount of restitution owed. Moreover, the trial judge's own comment when including restitution in his oral pronouncement shows he did not know the amount of restitution that should be ordered.

Although the certified bill of costs states that the full amount of restitution is owed, this bill of costs was not prepared until after oral pronouncement of sentence

and after the written judgment was signed. There is reason to think the bill of costs is inaccurate.

Prior to the instant motion to adjudicate, the State's previous motions stated differing amounts in which Appellant was delinquent in restitution that cannot be squared with the amount which should have been owed if no payments were made at all, much less at $35.00 per month. In fact, the second motion, filed roughly nine months after the first, alleges Appellant was less delinquent in restitution fees than she was the first time—suggesting some payments were made. Appellant pled true to the first motion, but not the second.

At the hearing on the second motion, it is undisputed that $100 was paid toward arrearages totaling about $1,000. These arrearages included money owed for restitution, so there is at least some evidence suggesting there may have been some money paid towards restitution fees.

Appellant pled true to the third motion, which alleged a delinquency that necessarily implies some payments were made.

Given the state of the record, the factual basis to support the amount of restitution ordered in the trial court's judgment is lacking, and the actual amount owed is not conclusively established. Because it is undisputed, however, that some restitution is owed, and because restitution was orally pronounced, this Court should vacate the restitution order and remand for a new restitution hearing.

13

Alternatively, the Court should modify the judgment to reflect the amount of restitution Appellant would owe based on her plea of true to the third motion to adjudicate.

## ARGUMENT

## Standard of Review and Applicable Law

### 1. The Standard of Review is Abuse of Discretion

The appellate court reviews challenges to restitution orders under an abuse of discretion standard. *O'Neal v. State*, 426 S.W.3d 242, 246 (Tex. App.—Texarkana 2013, no pet.); *Cartwright v. State*, 605 S.W.2d 287, 288-89 (Tex. Crim. App. 1980). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or acts arbitrarily or unreasonably, or when its decision is so clearly wrong that it lies outside the zone of reasonable disagreement. *Gonzalez v. State*, 117 S.W.3d 831, 839 (Tex. Crim. App. 2003).

### 2. An Order Adjudicating Guilt Sets Aside the Order Deferring Adjudication, Including Any Fines or Restitution Imposed Therein

No sentence is imposed when a defendant receives deferred adjudication. *See Davis v. State*, 368 S.W.2d 368, 371 (Tex. Crim. App. 1998) ("strictly speaking, it [deferred adjudication] is not a probated or suspended sentence because there has not been a sentence") (internal quotations omitted). When "guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine" and restitution. *Taylor v.*

14

*State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) (fine); *Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.) (restitution).

**3. When there is a Variance Between Oral Pronouncement of Sentence and a Court's Written Judgment, the Oral Pronouncement Controls**

A defendant's sentence must be pronounced orally in his presence. Tex. Code Crim. Proc. Ann. 42.03, Section 1(a). "A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement." *Alexander*, 301 S.W.3d at 363. Thus, "when there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls." *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014). "A trial judge has neither the statutory authority nor the discretion to orally pronounce one sentence in front of the defendant, but then enter a different written judgment outside the defendant's presence." *Id*. at 3.

**4. Restitution is Punishment and as such, is Part of the Sentence that Must Be Orally Pronounced**

Restitution is punishment. *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2006); *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006) (orig. proceeding). As such, to be valid it must be part of the sentence orally pronounced. *Burt*, 445 S.W.3d at 760; *Sauceda v. State*, 309 S.W.3d 767, 769 (Tex. App.—Amarillo 2010, pet. ref'd); *Alexander*, 301 S.W.3d at 364.

15

**5. When the Trial Court Orally Pronounces Restitution, but Fails to State the Amount, the Restitution Order Must Be Vacated and a New Restitution Hearing Held If The Factual Basis to Support the Amount of Restitution Ordered is Lacking**

"When the record is clear that the trial judge orally made restitution a part of the sentence, but…the amount…is unclear, incorrect, or insufficient…appellate courts should vacate the faulty order and remand for a new restitution hearing." *Burt*, 445 S.W.3d at 754. Restitution must have a factual basis, *see Campbell v. State*, 5 S.W.3d 693, 696-97 (Tex. Crim. App. 1999), and therefore, "[d]ue process considerations thus implicated require that there must be evidence in the record to show that the amount [of restitution] set by the court has a factual basis." *Cartwright*, 605 S.W.2d at 288-89. Thus Appellant's claim, despite the variance between the oral pronouncement and the written judgment (which suggested there was a problem), is at heart a legal sufficiency claim:  and a "claim regarding sufficiency of the evidence need not be preserved for appellate review at the trial level, and it is not forfeited by the failure to do so." *Moff v. State*, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004).[1]

---

[1] Which makes error-preservation not an issue, as it was in what we might call "*Burt I*". *Burt v. State*, 396 S.W.3d 574 (Tex. Crim. App. 2013) (considering whether two claims, fact that orally pronounced restitution differed from written judgment and fact that amount in written judgment improperly included losses from alleged victims not named in the indictment, were preserved).

**Application**

**1. Restitution originally imposed was set aside when the court adjudicated guilt and imposed a sentence**

Here, the Order of Deferred Adjudication ordered restitution in the amount of $1,922.57 at $35.00 per month, (I C.R. at 28-30), but this did not constitute a sentence. *Davis*, 368 S.W.2d at 371. That order was then set aside when the court adjudicated Appellant guilty and imposed a sentence. *Taylor*, 131 S.W.3d at 502; *Alexander*, 301 S.W.3d at 364.

**2. The court's oral pronouncement of sentence mentioned that restitution would be ordered, but failed to state the amount**

When Appellant pled true to the State's motion to adjudicate guilt, the court did not pronounce her guilty at that time and impose a sentence. (VI R.R. at 9). Rather, the court held a sentencing hearing later, at which point the court adjudicated Appellant guilty. (VII R.R. at 7). When the court imposed sentence, the court stated Appellant would "still owe whatever restitution remains unpaid of the original $19,232.57 [sic] that was previously ordered." (VII R.R. at 7).

Restitution, as punishment, is part of the sentence, so it must be included in the oral pronouncement. *Weir*, 278 S.W.3d at 366; *Ex parte Cavazos*, 203 S.W.3d at 338; *Sauceda*, 309 S.W.3d at 769; *Alexander*, 301 S.W.3d at 364. Here, because restitution was orally pronounced, (VII R.R. at 7), the restitution order of $1,922.57 cannot be deleted. *Burt*, 445 S.W.3d at 760-761.

17

**3. When the fact of restitution is ordered but not the amount, the restitution order must be vacated and a new restitution hearing held**

Here, as in *Burt*, the trial judge "made restitution a part of his oral pronouncement of sentence", so the "restitution order should not be deleted". *Burt*, 445 S.W.3d at 760. However, "the case should be remanded to the trial court for a hearing in which [A]ppellant will have to object to the amount, introduce evidence to support [her] position, and exercise all of [her] due process rights." *Id*. This is because the fact, but not the amount, of restitution was orally pronounced. *Id*. at 760-761. A remand should be conditioned, however, on the record not otherwise providing a factual basis to support the amount of restitution ordered, because *Burt* stated the facts of its case "more comfortably [fell] within that body of our case law in which the trial judge has the authority to order restitution and did order restitution, but the evidence is insufficient to support the restitution amount ordered." *Burt*, 445 S.W.3d at 760. Stated another way, unless the record otherwise conclusively establishes the amount of restitution owed, the appellate court should remand for a new restitution hearing.

**4. The record does not otherwise conclusively establish the amount of restitution ordered in the written judgment**

When the trial judge orally pronounced sentence, he stated Appellant would owe "whatever restitution remains unpaid of the original $19,232.57 [sic] that was previously ordered." (VII R.R. at 7). We may discount the precise amount in this

18

quote, which is either a typographical error or a misstatement. What is certain is that the trial judge did not know what amount of restitution was owed—otherwise, he would not have said Appellant owes "whatever restitution remains unpaid", but that she owes "_____, which remains unpaid".

When the trial judge orally pronounced sentence, he had not received testimony or other documentary evidence because the prosecutor stated at the beginning of the hearing that "[w]e don't have any evidence, just argument." (VII R.R. at 4-5). The parties did not mention restitution during their closing arguments. (VII R.R. at 5-6).

The trial judge did review a presentence investigation report before orally pronouncing sentence, (VII R.R. at 4),[2] but it is plain that this report did not contain the amount of restitution owed or else the judge could have easily found, and pronounced, the amount owed. In any event, the relevant statute does not require the report to contain the amount of restitution owed, just the amount necessary to compensate the victim adequately—the original, not the current, amount of restitution owed. Tex. Code Crim. Proc. art. 42.12, Sec. 9(a) (report must contain, among other things, the "amount of restitution necessary to adequately compensate a victim of the offense"). Therefore, we cannot speculate

---

[2] This report is not part of the appellate record, but it is "not normally included in that record." *Brewer v. State*, No. 1270-03, 2004 WL 3093224, at *4 (Tex. Crim. App. May 19, 2004) (unpublished); *see* Tex. Code Crim. Proc. art. 42.12, Sec. 9(j) (report is confidential).

as to whether the report contained the amount of restitution owed, and at any rate, the judge could have and no doubt would have ordered a precise amount had it been found in the report.

The bill of costs suggests the full amount is owed, but there is reason to believe this is incorrect. (I C.R. at 95).

The prosecutor requested that the trial judge take judicial notice of his file, including "the prior two motions to adjudicate and case histories attached thereto", and the judge did so. (VII R.R. at 4). But this does not supply the missing evidence for two reasons. First, a trial court may take judicial notice "that a pleading has been filed", but "may not, however, take judicial notice of the *truth* of allegations in its records." *Tschirhart v. Tschirhart*, 876 S.W.2d 507, 508 (Tex. App.—Austin 1994, no writ) (emphasis in original). Hence, unless these motions and case histories are "formally admitted into evidence at trial, [the State] may not rely on [them] as evidence on appeal." *Id*. at 509.

Second, even if these motions could be relied on as evidence, they support the conclusion that some restitution was paid, and that a different amount would have been owed by the time of sentencing.

On January 23, 2012, Appellant was ordered to pay restitution of $1,922.57 at $35.00 per month. (III R.R. at 6); (I C.R. at 30). Assuming her first payment was due in February 2012, then the first motion to revoke, filed in May 2012,

20

alleges an amount, $105.00, that would correctly reflect the delinquency if Appellant made no payments at all up to that point. (I C.R. at 33) (three months times $35 equals $105). Appellant pled true to this motion. (IV R.R. at 7).

However, nine months later in February 2013, the State filed a motion to revoke alleging that Appellant was only $45.00 delinquent. (I C.R. at 56-57). On its face, this shows that something was paid, because the alleged delinquency is less now than it was before. In fact, it suggests $375 was paid. If Appellant paid nothing from February 2012 until February 2013, she would owe $420 ($35 x 12 =$420). If she is alleged to be only $45 delinquent, then she must have paid $375 ( $420 - $45 = $375). While Appellant pled not true to this motion, (V R.R. at 7), at the hearing it was clear that $100 was paid towards Appellant's approximately $1,000 arrearages, which included restitution. (V R.R. at 16; 21-22). Hence, this second motion and the hearing together support the conclusion that some payments were made towards restitution, though they seem insufficient to determine precisely what amount.

In the third motion to revoke, filed in February 2014, the State alleged Appellant was $630.00 delinquent in restitution fees. (I C.R. at 85-86). Again, this supports the conclusion that something less than the full amount of restitution was owed, because if Appellant had paid nothing for two years, she would have been delinquent $840 ($35 x 24 = $840). Or, if she was only $45 behind a year

21

before, she would have been $465 behind in February 2014 if nothing was paid in the interim ($35 x 12 = $420 + $45 = $465). Appellant pled true to this motion. (VI R.R. at 8).

Based on the foregoing, three conclusions are true: first, that the State alleged and Appellant agreed (by pleading true) that some restitution was paid; second, the factual basis for ordering the full amount of restitution is lacking; and third, we cannot determine what amount is actually owed from this record. Therefore, this Court should vacate the restitution order and remand for a new hearing on the amount of restitution only.[3]

### 5. Alternatively, the Court should vacate the restitution order and modify the judgment to reflect the amount of restitution that would be owed based on the third motion to adjudicate.

A plea of true by itself is sufficient to support revocation of community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979). Thus, a plea of true "relieves the State of its evidentiary burden." *Rusk v. State*, 440 S.W.3d 694, 703 (Tex. App.—Texarkana 2013, no pet.). Here, Appellant pled true to the third motion to revoke, so the question arises whether she is estopped from challenging the amount alleged to be delinquent in the third motion. If so, then the Court should modify the judgment to reflect that she owes restitution in the amount of $1,712.57, which would represent the difference between what the delinquency

---

[3] Or on court costs and restitution only, if the Court agrees with Appellant on issue two.

22

would have been ($840) if Appellant made no payments whatsoever and thus owed the full amount ($1,922.57), and the amount the State alleged Appellant was actually delinquent ($630).

In this case, as shown above, the record discloses various amounts of restitution owed or alleged to be owed at different times: in fact, one allegation suggests Appellant paid more than $210, (I C.R. at 56 (suggesting she paid $375)), and two out of the three allegations support the conclusion that some restitution was paid (I C.R. at 56; 85), as does the record of the hearing on the second motion to adjudicate. (V R.R. at 16; 21-22). Therefore, the record casts doubt on the actual amount of restitution owed, despite Appellant's plea of true. Given that, in addition to "providing justice to victims" we must also be concerned about a "defendant's due-process rights", *Burt*, 445 S.W.3d at 755, the safest and most just course of action is to remand for a new restitution hearing to confirm the actual amount of restitution owed. After all, the bill of costs alleges the full amount is owed, (I C.R. at 96), so if this is correct a remand would serve the purpose of restoring "the victim to the 'status quo ante' position he was in before the offense", while ensuring that this restitution "serves as appropriate punishment" for Appellant. *Burt*, 445 S.W.3d at 756. For these reasons, the Court should not become guilty of a "robotic application" of the plea of not true. *Rusk*, 440 S.W.3d at 703.

However, if the Court disagrees, then the Court should modify the judgment to reflect that $1,712.57 is ordered in restitution, for the reasons given above.

**Conclusion**

The restitution order in the judgment must be vacated, and the case remanded to the trial court for a new hearing on the proper amount of restitution. Alternatively, the Court should modify the judgment to reflect that $1,712.57 is owed in restitution.

**SUMMARY OF THE ARGUMENT**

ISSUE TWO: The judgment must be vacated as to court costs and a new hearing ordered as to the amount owed because the record suggests some payments were made towards court costs, but the precise amount is unclear, and one cost appears without a statutory basis.

Court costs may be challenged for the first time on appeal. The reviewing court determines if there is a basis for the costs and if the facts support them, but traditional legal sufficiency principles do not apply.

The bill of costs states that no payments on court costs have been paid at all. Appellant pled true to the State's third motion to adjudicate, which alleged she was delinquent $140 in court costs out of the initial $246.00, which she was to pay at a rate of $10.00 per month. Because this motion was filed twenty-four months after Appellant was to begin making payments of $10.00 per month, if Appellant had

truly paid nothing she would have been delinquent $240.00 in court costs. This suggests at least $100 was paid. The second motion to adjudicate, filed twelve months after Appellant was to begin paying, alleges a delinquency of only $10, suggesting, again, that Appellant paid some court costs. While Appellant did not pled true to this motion, at the hearing on the motion there was evidence that $100 was paid towards her $1,000 arrearages. Therefore, again, there is some evidence that something was paid. However, because the record does not support a conclusive amount, it is not possible for this court to modify the judgment and affirm; instead, a remand is necessary.

There also does not seem to be a statutory basis for the "State Elect Filing Fee—Crimi", so on remand this fee should not be permitted to be imposed.

Alternatively, the Court could take the alleged delinquency in the last motion to adjudicate as reflecting the true amount of court costs paid, delete the above-referenced fee, and then modify the judgment.

## **ARGUMENT**

### **Standard of Review and Applicable Law**

A challenge to the bases of assessed court costs may be raised for the first time on appeal. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When reviewing the record supporting court costs, the appellate court determines whether there is a "basis for the cost", not whether there is "sufficient evidence

25

offered at trial to prove each cost". *Id*. at 390. Thus, "traditional *Jackson* evidentiary sufficiency principles do not apply." *Id*.

Court costs need not be "orally pronounced nor incorporated by reference in the judgment to be effective." *Id*. at 389. Therefore, "when a specific amount of court costs is written in the judgment, an appellate court errs when it deletes the specific amount if there is a basis for the cost." *Id*. Still, only "statutorily authorized court costs may be assessed against a criminal defendant". *Id*. Thus, when evaluating court costs, the reviewing court determines whether there is a statutory basis for the costs and whether there are facts to support them. *Id*. at 395-396.

## Application

This is really the mirror image of the restitution argument in issue one, so the argument will parallel part of that argument. However, it should be emphasized that Appellant only challenges the statutory basis for one of the assessed costs; for the most part, she argues that the factual basis is lacking to support the reflection in the bill of costs that no payments have been made at all.

On January 23, 2012, Appellant was ordered to pay court costs of $246 at $10.00 per month. (III R.R. at 6); (I C.R. at 30). Assuming her first payment was due in February 2012, then the first motion to revoke, filed in May 2012, alleges an amount, $30.00, that would correctly reflect the delinquency if Appellant made no

payments at all up to that point. (I C.R. at 33) (three months times $10 equals $30). Appellant pled true to this motion.[4] (IV R.R. at 7).

However, nine months later in February 2013, the State filed a motion to revoke alleging that Appellant was only $10.00 delinquent. (I C.R. at 56-57). On its face, this shows that something was paid, because the alleged delinquency is less now than it was before. In fact, it suggests $110 was paid. If Appellant paid nothing from February 2012 until February 2013, she would owe $120 ($10 x 12 =$120). If she is alleged to be only $10 delinquent, then she must have paid $110 ( $120 - $10 = $110). While Appellant pled not true to this motion, (V R.R. at 7), at the hearing it was clear that $100 was paid towards Appellant's approximately $1,000 arrearages, which included court costs. (V R.R. at 16; 21-22). Hence, this second motion and the hearing together support the conclusion that some payments were made towards court costs, though they seem insufficient to determine precisely what amount.

In the third motion to revoke, filed in February 2014, the State alleged Appellant was $140.00 delinquent in court costs. (I C.R. at 85-86). Again, this supports the conclusion that something less than the full amount of court costs was

---

[4] The trial court took judicial notice of its file, (VII R.R. at 4), and just as in issue one, the court could not have taken judicial notice of the truth of the allegations of any motions in its file nor may the State now rely on any such motions as evidence if not formally admitted into evidence during the revocation hearing. *Tschirhart v. Tschirhart*, 876 S.W.2d 507, 508-09 (Tex. App.— Austin 1994, no writ). However, because court costs need not be orally pronounced nor do traditional sufficiency of the evidence rules apply, *Johnson*, 423 S.W.3d at 390, this is less important here than in issue one.

still owed, because if Appellant had paid nothing for two years, she would have been delinquent $240 ($10 x 24 = $240). Or, if she was only $10 behind a year before, she would have been $130 behind in February 2014 if nothing was paid in the interim ($10 x 12 = $120 + $10 = $130). Appellant pled true to this motion. (VI R.R. at 8).

Based on the foregoing, three conclusions are true: first, that the State alleged and Appellant agreed (by pleading true) that some court costs were paid; second, the factual basis for ordering the full amount of court costs is lacking; and third, we cannot determine what amount is actually owed from this record. Therefore, this Court should vacate the court costs and remand for a new hearing on the amount of court costs only.[5]

On remand, the trial court should be prohibited from imposing the cost for "State Elect Filing Fee—Crimi" in the amount of $5.00. (I C.R. at 95). This is because Appellant cannot determine the statutory basis for this fee. It is possible it comes from Texas Government Code Section 103.024, which allows for a $5 fee for filing a restitution lien under Article 42.22 of the Texas Code of Criminal Procedure. However, section 5 of that article requires an affidavit to be filed to perfect the restitution lien. Here, no such affidavit appears in the record. Therefore, either the fee is without a statutory basis, or if the statutes just cited

---

[5] Or on court costs and restitution only, if the Court agrees with Appellant on issue one.

28

provide that basis, then the factual predicate for assessment of the fee is lacking. In either event, the fee should be deleted.

If the Court believes Appellant's plea of true to the third motion provides a sufficient basis to determine the amount of costs owed, then the Court should modify the judgment to reduce the amount of court costs owed by $105 ($100 for the payments suggested by the allegation in the motion and $5 for the "State Elect Filing Fee—Crimi").

## Conclusion

The Court should delete the "State Elect Filing Fee—Crimi" fee, vacate the rest of the judgment concerning court costs, and remand for a hearing to determine the amount of costs actually owed, as well as the amount of restitution actually owed if the Court agrees with Appellant on issue one.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant asks this Court to VACATE the trial court's judgment as argued above and REMAND for a new hearing on restitution and court costs. In the alternative, the Court should MODIFY the judgment to reflect $1,712.57 in restitution owed. In addition, the Court should MODIFY the judgment to reflect court costs owed in the amount of $105.

Respectfully submitted:

/s/ Justin Bradford Smith
Justin Bradford Smith
Texas Bar No. 24072348

Harrell, Stoebner, & Russell, P.C.
2106 Bird Creek Drive
Temple, Texas 76502
Phone: (254) 771-1855
FAX: (254) 771-2082
Email: justin@templelawoffice.com

ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

I hereby certify that, pursuant to Rule 9 of the Texas Rules of Appellate Procedure, Appellant's Brief contains 5,107 words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

/s/ Justin Bradford Smith
Justin Bradford Smith

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2015, a true and correct copy of Appellant's Brief was forwarded to the counsel below by eservice:

Bob Odom
Bell County District Attorney's Office
P.O. Box 540
Belton, Texas 76513
Email: DistrictAttorney@co.bell.tx.us

/s/  Justin Bradford Smith
Justin Bradford Smith